UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 12-6955-CAS (RZx) | Date | September 14, 2012 |
|---|---|---|---|
| Title | RICHARD AGUINAGA V. RICHARD M. AYALA ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants | |
| Not Present | | Not Present | |

**Proceedings:**   (In Chambers:) ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED

## I.   INTRODUCTION

On March 9, 2012, plaintiff Richard Aguinaga, filed an unlawful detainer action in County Superior Court against *pro se* defendants Richard M. Ayala and Does 1 to 10.

On August 13, 2012, defendant Ayala filed a notice of removal to this Court pursuant to 28 U.S.C. § 1446 and 28 U.S.C. § 1443.  Defendant asserts that he has been denied his right to due process and equal protection under the Fourteenth Amendment to the U.S. Constitution.  See Dkt. No. 1.

## II.   ANALYSIS

As an initial matter, the notice of removal appears to be untimely.  Pursuant to 28 U.S.C. §1446(b), a notice of removal in a civil action must be filed within thirty days after the defendant receives a copy of the complaint or summons.  Here, the action was initiated on March 9, 2012, yet defendants did not remove until August 13, 2012.  Thus, the removal appears to be untimely.

In addition, the law is clear that "[u]nlawful detainer actions are strictly within the province of state court."  Federal Nat'l Mort. Assoc. v. Suarez, 2011 U.S. Dist. LEXIS 82300, *6 (E.D. Cal. Jul. 27, 2011); Deutsche Bank Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.").  A defendant's attempt at creating federal subject matter jurisdiction by adding claims or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6955-CAS (RZx) | Date | September 14, 2012 |
|---|---|---|---|
| Title | RICHARD AGUINAGA V. RICHARD M. AYALA ET AL. | | |

defenses to a notice of removal must fail.  McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1145 (9th Cir. 2007).  Here, the only claim asserted by plaintiff is for unlawful detainer against defendant.  See Dkt. No. 1.  Defendant cannot create federal subject matter jurisdiction by adding claims or asserting defenses under the U.S. Constitution or other federal laws.  See  McAtee, 479 F.3d at 1145.  Accordingly, the Court appears to lack subject matter jurisdiction based on a federal question.  See Suarez, 2011 U.S. Dist. LEXIS 82300 at *6.

Moreover, removal pursuant to 28 U.S.C. § 1443 also appears to be improper.  To remove this case pursuant to 28 U.S.C. § 1443 , petitioner must satisfy a two-part test.  See Georgia v. Rachel, 384 U.S. 780, 788–92, 794–804 (1966); City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824–28 (1966).  Petitioners must demonstrate that: (1) as a defense to a civil action or prosecution, they have asserted "rights that are given to them by explicit statutory enactment protecting equal racial civil rights"; and (2) "that the state court upholds a statute or constitutional provision that orders the state court not to enforce those federally protected civil rights." California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970).  Defendant has not identified a relevant California statute that would preclude him from asserting any of his federal civil rights; therefore, it appears that defendant is unable to satisfy this two-part test.  See Union Bank v. Lebow, 2012 U.S. Dist. LEXIS 60152, *3–4 (C.D. Cal. Apr. 27, 2012).  Accordingly, 28 U.S.C. § 1443 does not appear to confer subject matter jurisdiction upon this Court over the instant case.

### III. CONCLUSION

Defendants are hereby ORDERED to SHOW CAUSE on or before October 3, 2012, why the instant action should not be remanded for lack of subject matter jurisdiction.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |