UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**     JS-6

| Case No. | CV 12-6955-CAS (RZx) | Date | October 11, 2012 |
|---|---|---|---|
| Title | RICHARD AGUINAGA V. RICHARD M. AYALA, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants

Not present                Not present

**Proceedings:**   (In Chambers:) ORDER REMANDING CASE TO THE LOS ANGELES COUNTY SUPERIOR COURT

### I.   INTRODUCTION

On March 9, 2012, plaintiff Richard Aguinaga, filed an unlawful detainer action in Los Angeles County Superior Court against *pro se* defendants Richard M. Ayala and Does 1 to 10.

On August 13, 2012, defendant Ayala filed a notice of removal to this Court pursuant to 28 U.S.C. § 1446 and 28 U.S.C. § 1443. Defendant asserts that he has been denied his right to due process and equal protection under the Fourteenth Amendment to the U.S. Constitution. See Dkt. No. 1. On September 14, 2012, this Court issued an order to show cause why this case should not be remanded to Superior Court for lack of subject matter jurisdiction. Dkt. No. 5. Defendant failed to respond.

### II.   ANALYSIS

As an initial matter, the notice of removal is untimely. Pursuant to 28 U.S.C. §1446(b), a notice of removal in a civil action must be filed within thirty days after the defendant receives a copy of the complaint or summons. Here, the action was initiated on March 9, 2012, yet defendants did not remove until August 13, 2012.

In addition, the law is clear that "[u]nlawful detainer actions are strictly within the province of state court." Federal Nat'l Mort. Assoc. v. Suarez, 2011 U.S. Dist. LEXIS 82300, *6 (E.D. Cal. Jul. 27, 2011); Deutsche Bank Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | | | |
|---|---|---|---|
| **CIVIL MINUTES - GENERAL** | | | JS-6 |
| Case No. | CV 12-6955-CAS (RZx) | Date | October 11, 2012 |
| Title | RICHARD AGUINAGA V. RICHARD M. AYALA, ET AL. | | |

claim for unlawful detainer, a cause of action that is purely a matter of state law."). A defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal must fail. McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1145 (9th Cir. 2007). Here, the only claim asserted by plaintiff is for unlawful detainer against defendant. See Dkt. No. 1. Defendant cannot create federal subject matter jurisdiction by adding claims or asserting defenses under the U.S. Constitution or other federal laws. See McAtee, 479 F.3d at 1145. Accordingly, the Court lacks subject matter jurisdiction based on a federal question. See Suarez, 2011 U.S. Dist. LEXIS 82300 at *6.

Moreover, removal pursuant to 28 U.S.C. § 1443 is also improper. To remove this case pursuant to 28 U.S.C. § 1443 , petitioner must satisfy a two-part test. See Georgia v. Rachel, 384 U.S. 780, 788–92, 794–804 (1966); City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824–28 (1966). Petitioners must demonstrate that: (1) as a defense to a civil action or prosecution, they have asserted "rights that are given to them by explicit statutory enactment protecting equal racial civil rights"; and (2) "that the state court upholds a statute or constitutional provision that orders the state court not to enforce those federally protected civil rights." California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970). Defendant has not identified a relevant California statute that would preclude him from asserting any of his federal civil rights; therefore, it appears that defendant is unable to satisfy this two-part test. See Union Bank v. Lebow, 2012 U.S. Dist. LEXIS 60152, *3–4 (C.D. Cal. Apr. 27, 2012). Accordingly, 28 U.S.C. § 1443 does not confer subject matter jurisdiction upon this Court over the instant case.

### III. CONCLUSION

In accordance with the foregoing, this case is hereby REMANDED to the Los Angeles County Superior Court.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |